T.C. Summary Opinion 2001-114


UNITED STATES TAX COURT


JOSEPH A. MORCOS AND JOANN M. MORCOS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6394-00S.              Filed July 26, 2001.


<u>Brian E. Bennett</u>, for petitioners.

<u>Jack T. Anagnostis</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the years in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined deficiencies in petitioners' 1996 and
1997 Federal income taxes of $10,596 and $5,790, respectively.

After concessions,[1] the issues for decision are: (1) Whether the deductions petitioners claimed on their 1996 and 1997 Federal income tax returns with respect to the rental of rooms in their personal residence are subject to the limitation imposed by section 280A(c)(5); and (2) whether petitioners properly calculated depreciation expenses with respect to their rental activity.

## Background

The stipulation of facts and the accompanying exhibits are incorporated herein by reference. Petitioners resided in Wayne, Pennsylvania, at the time their petition was filed with the Court.

In 1983 petitioners paid $125,000 for a 1-acre property in Radnor Township, Pennsylvania. The property includes the following improvements: a three-story, 4500 square foot Victorian style house (main house); a two-story, 1200 square foot carriage house (carriage house); landscaped grounds; a swimming pool; and a pool house with shower facilities and a full kitchen.

---

[1] Petitioners concede respondent's adjustment to their Schedule C, Profit or Loss From Business, depreciation. Respondent concedes that petitioners are entitled to Schedule C deductions for entertainment and travel expenses and that petitioners are entitled to deduct $5,231 of legal expenses incurred in connection with their residential rental activity. The adjustments to itemized deductions in the notice of deficiency are computational adjustments which will be affected by the outcome of the other issues to be decided.

The first floor of the main house consists of a furnished living room, dining room, den, and kitchen. The second floor consists of petitioners' private bedroom suite, a guest bedroom, a guest bathroom, a laundry room, a sun porch, and an office. The third floor consists of three furnished bedroom suites with private baths (third floor units). Each suite is accessed with its own key. The third floor units are accessed by climbing a staircase that extends from the foyer in the first floor, to the second and third floors.

For all of 1996 and 1997, petitioners rented the three third floor units on a month-to-month basis to individuals not related to petitioners. The tenants of these units had full use of the facilities on the first floor and the second floor, except for petitioners' private bedroom suite. The tenants of the main house, as well as petitioners, prepared meals daily in the kitchen and used the dining area and laundry room.

The carriage house is a separate dwelling unit. It consists of a living room, kitchen, and laundry room on the first floor and a bedroom and bath on the second floor. Petitioners did not use any portion of the carriage house as part of their personal residence or for personal purposes in 1996 and 1997.

Petitioners reported income and expenses from their rental of the third floor units and the carriage house on Schedules E, Supplemental Income and Loss, filed with their 1996 and 1997

Federal income tax returns.  Depreciation expenses of $4,110 for the carriage house and $26,164 for the third floor units in each year contributed to net rental losses of $26,387 in 1996 and $16,908 in 1997 which petitioners used to offset income from wages and self employment.

Petitioners allocate their purchase price for the property between the land and improvements as follows:  (1) $25,000 to land; (2) $21,000 to the carriage house; and (3) $79,000 to the main house.  Petitioners allocate the following estimated expenses for renovations made to the property over a 15-year period:

| | |
|---|---:|
| First floor areas, excluding kitchen | $30,000 |
| Second floor areas | 30,000 |
| Third floor areas | 40,000 |
| Kitchen and other utility areas | 40,000 |
| Roofing and exterior | 75,000 |
| Driveway and parking areas | 15,000 |
| Pool and garden areas | 80,000 |
| Landscaping | 40,000 |
| Third floor furniture and fixtures | 25,000 |
| Common area furniture and fixtures | 125,000 |
| Carriage house | 70,000 |
| Total | 570,000 |

Petitioners calculated depreciation allowances with respect to the third floor units by allocating a portion of their purchase price to the third floor and increasing their depreciable cost basis by the amount they incurred in renovating the third floor.  Petitioners also claimed depreciation for a percentage of the cost basis and renovation costs for the common areas of the main house.

Petitioners depreciated the carriage house as a separate dwelling unit at 100 percent of its cost basis (determined based on its square footage as a percentage of the square footage of the main house and carriage house combined) plus its renovation costs. Based on a total of seven people using the grounds, five of whom were renters, petitioners depreciated 71 percent of the $95,000 petitioners spent on grounds' improvements ($80,000 on pool/garden areas and $15,000 on driveway/parking areas).

Respondent determined that petitioners incorrectly calculated depreciation on their 1996 and 1997 Federal income tax returns. With respect to the main house, respondent allowed depreciation for the third floor units only. Respondent determined depreciation by allocating one third of petitioners' $125,000 purchase price for the land and improvements to the third floor units. Respondent also allowed petitioners to increase their basis by $40,000 for renovations to the third floor units and to depreciate the furniture and fixtures in the units purchased at a cost of $25,000. With respect to depreciation for the carriage house, respondent determined the percentage of petitioner's cost basis attributable to the carriage house based on its total square footage as a percentage of the square footage of the main house. Respondent then calculated allowable depreciation by attributing that percentage of petitioner's $125,000 purchase price to the business use of

the carriage house. Respondent also allowed petitioners to capitalize for depreciation the $70,000 they spent for renovations to the carriage house.

As an additional argument to support the adjustments, respondent argued at trial that the deductions attributable to petitioner's rental of the third floor units are limited to their gross rental income from the units minus certain deductions.

## Discussion

The first issue considered is whether section 280A(c)(5) limits petitioners' deductions for the rental of the third floor units. Section 280A(a) provides the general rule that no deduction is allowable "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." The term "dwelling unit includes a house, apartment, condominium, mobile home, boat, or similar property, and all structures or other property appurtenant to such dwelling unit." Sec. 280A(f)(1)(A). The term "dwelling unit" does not include that portion of a unit which is used exclusively as a hotel, motel, inn, or similar establishment. Sec. 280A(f)(1)(B).

Section 280A(c) lists exceptions to the general rule of section 280A(a). The only exception relevant herein is that provided by section 280A(c)(3) which states that "Subsection (a) shall not apply to any item which is attributable to the rental of the dwelling unit or portion thereof (determined after the

application of subsection (e))." Subsection (e) requires a taxpayer who uses the dwelling unit for personal purposes during the taxable year, as a residence or otherwise, to limit his deductions. In petitioners' case this limitation does not affect their deductions because the dwelling unit was rented for 100 percent of the time it was used. See Dinsmore v. Commissioner, T.C. Memo. 1994-134, affd. in part and remanded on other issues 78 F.3d 592 (9th Cir. 1996).

Section 280A(c)(5), however, limits the deduction of expenses incurred in the rental use of a residence that may be allowed under section 280A(c)(3) to an amount not in excess of the gross income derived from the rental use for the taxable year over the sum of: (1) The deductions allocable to the rental use that are otherwise allowable regardless of such rental use (such as mortgage interest and real estate taxes); plus (2) any deductions that are allocable to the rental activity in which the rental use of the residence occurs, but that are not allocable to the rental use of the residence itself. Thus, a taxpayer may not normally offset against unrelated income a net rental loss incurred from, and attributable to, the rental use of the taxpayer's residence. Feldman v. Commissioner, 84 T.C. 1, 5 (1985), affd. 791 F.2d 781 (9th Cir. 1986).

Petitioners contend that their rental of the third floor units is not subject to the limitation of section 280A(c)(5).

Their first argument is that section 280A is not applicable to their rental of rooms in their personal residence because Congress intended the statute to apply only to vacation homes. Petitioners base their argument on the explanations of the statute's provisions in both the Senate and House reports which focus on the limitation imposed on deductions attributable to the rental of a vacation home.

The starting point for construing the meaning of a statute must be the language used by Congress. Reiter v. Sonotone Corp., 442 U.S. 330, 337 (1979). We assume that the legislative purpose is expressed by the ordinary meaning of the words used. Richards v. United States, 369 U.S. 1, 9 (1962). Thus, absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive. Am. Tobacco Co. v. Patterson, 456 U.S. 63, 68 (1982); Consumer Prod. Safety Commn. v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980).

We have previously rejected petitioner's argument, observing that the plain language of section 280A contains no such limitation. Russell v. Commissioner, T.C. Memo. 1994-96, affd. without published opinion 76 F.3d 388 (9th Cir. 1995); Gilchrist v. Commissioner, T.C. Memo. 1983-288. Petitioners acknowledge that section 280A is entitled "DISALLOWANCE OF CERTAIN EXPENSES IN CONNECTION WITH BUSINESS USE OF HOME, RENTAL OF VACATION HOMES, ETC." and that the language of the statute is not

exclusive to the rental of vacation homes.  Section 280A(a) states the general rule disallowing deductions "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence."  A taxpayer's primary residence in which he lives year round falls within this definition.  Sec. 280A(d).  If Congress had intended for section 280A to apply only to the rental of vacation homes, they were capable of creating such result.

Moreover, the legislative history of section 280A establishes that Congress wanted to prevent taxpayers from converting nondeductible personal living expenses into deductible business expenses.  S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49.  The underlying rationale of the statute is just as relevant for taxpayers renting portions of their primary residence and attempting to deduct personal living expenses as it is for taxpayers renting their vacation homes.

Petitioners next argue that the limitation of section 280A(c)(5) does not apply to them "by virtue of the terms of section 280A(c)(3) which excepts 'rental of the dwelling unit or portion thereof.'"  This argument is without merit.  Section 280A(c)(3) excepts rental use from the application of section 280A(a).  Respondent does not contend that petitioners are not entitled to deduct any of the expenses attributable to the rental of a portion of their dwelling unit pursuant to section 280A(a),

but that they are subject to the limitation of section 280A(c)(5), which specifically applies to a use described in section 280A(c)(3) where the dwelling unit is used by the taxpayer during the taxable year as a residence.

Petitioners next contend that their third floor units come within the provision of section 280A(f)(1)(B) which excludes from the limitations of section 280A that portion of a dwelling unit "used exclusively as a hotel, motel, inn, or similar establishment."  They rely on the following proposed regulation:

> Exception.  Notwithstanding the provisions of paragraph (c)(1) of this section, the term "dwelling unit" does not include any unit or portion of a unit which is used exclusively as a hotel, motel, inn, or similar establishment.  Property is so used only if it is regularly available for occupancy by paying customers and only if no person having an interest in the property is deemed under the rules of this section to have used the unit (or the portion of the unit) as a residence during the taxable year.  Thus, this exception may apply to a portion of a home used to furnish lodging to tourists or to long-term boarders such as students. [Sec. 1.280A-1(c)(2), Proposed Income Tax Regs., 45 Fed. Reg. 52399, 52401 (Aug. 7. 1980) as amended by 48 Fed. Reg. 33320, 33322 (Jul. 21, 1983).]

Petitioners maintain that the month-to-month tenants of their third floor units are analogous to "long-term boarders such as students".

Although proposed regulations carry no greater weight than a position advanced on brief by respondent, they may be useful as guidelines where they closely follow the legislative history of the act.  Estate of Wallace v. Commissioner, 95 T.C. 525, 547

(1990), affd. 965 F.2d 1038 (11th Cir. 1992); <u>Miller v.</u>
<u>Commissioner</u>, 70 T.C. 448, 460 (1978); <u>F.W. Woolworth Co. v.</u>
<u>Commissioner</u>, 54 T.C. 1233, 1265-1266 (1970)).  The facts of
petitioners' case, considered in light of the statute and
regulation proposed thereunder, do not justify the conclusion
that petitioners used any portion of their home exclusively as a
"hotel, motel, inn, or similar establishment."

Petitioners advertised the availability of the third floor
units in the newspaper under the heading "House to Share".
Petitioner testified that their month-to-month tenants during the
years in issue leased the units for 2 to 3 years.  Nothing in the
record suggests that petitioners operated a commercial operation
such as a hotel, motel, inn, or similar establishment.  Rather,
the record indicates that petitioners rented rooms in their house
to offset their living costs.  Moreover, the adoption of
petitioners' broad interpretation of section 280A(f)(1)(B) would
frustrate the purpose of section 280A.

As such, petitioners are subject to the limitation of
section 280A(c)(5) with respect to the rental of the third floor
units of their main house.  Petitioners, thus may deduct expenses
to the extent of the excess of the gross income derived from such
use for the taxable year over the sum of:  (1) The deductions
allocable to the rental use that are otherwise allowable
regardless of such rental use (such as mortgage interest and real

estate taxes); plus (2) any deductions that are allocable to the rental activity in which the rental use of the residence occurs but that are not allocable to the rental use of the residence itself. From the record it is clear that once petitioners account for the mortgage interest and real estate taxes allocable to the third floor units, as well as other expenses attributable to their rental of the units, they will not have any excess gross income from the units from which to take depreciation deductions.

The parties agree that the carriage house is a separate dwelling unit and that petitioners did not use any portion of it for personal purposes during the years in issue. Thus, petitioners' deductions with respect to the carriage house are not subject to the limitations of section 280A. The parties, however, disagree as to the carriage house's appropriate cost basis for depreciation. Petitioners allocated their purchase price of the property between the land and the improvements. They then allocated a portion of the price allocated to improvements to the carriage house based on its square footage as a percentage of the square footage of the main house and carriage house combined and added the carriage house renovation costs. We agree with petitioners' method of determining their cost basis in the carriage house.

Petitioners, however, are not entitled to depreciation deductions for any of their costs for grounds improvements which they allocated to the carriage house.  These costs are subject to the limitation imposed by section 280A(c)(5) as the grounds are appurtenant to petitioners' residence.  Sec. 280A(f)(1)(A).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.